NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARLENE R. ESPOSITO,<br>      Plaintiff,<br><br>v.<br><br>CITY OF LINDEN, et al.<br>      Defendant. | Civil Action No.: 14-5559 (ES)<br><br><br><br><br>**ORDER** |

SALAS, DISTRICT JUDGE.

This matter comes before the Court by way of pro se Plaintiff Darlene R. Esposito ("Plaintiff")'s filing of a complaint, along with an application to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence, the Court grants Plaintiff's application to proceed *in forma pauperis*, and directs the Clerk of the Court to file the Complaint without pre-payment of the filing fees or security. 28 U.S.C. § 1915(a). After a court makes a decision that a plaintiff is qualified for pauper status pursuant to 28 U.S.C. § 1915, the court must then "screen" the Complaint to determine whether the plaintiff's complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Having thoroughly reviewed Plaintiff's Complaint,[1] this Court, *sua sponte*, dismisses Plaintiff's Complaint for failure to establish jurisdiction of this Court and also for failure to meet

---

[1] The Court construes the filing as a Complaint, even though it is entitled "Notice of Motion [for Leave to Appeal Interlocutory Order]."

1

the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. In particular, Plaintiff's Complaint, as currently drafted, fails to state how this Court has jurisdiction over the claim and fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. .

For example, in what can be characterized as a "Notice of Motion," Plaintiff states that she

> Moves before the Superior Court of New Jersey for leave to appeal the interlocutory Order of Linden Municipal Court dated, February 25, 2013, which denied leave to appeal to the, the Superior Court, Law Division, that granted plaintiff's motion for a partial summary judgment the specific relief I am seeking is to serve the adversary's [sic] a summons and complaint from a DMV search for their address on their drivers records, . . .

(Compl. at 1).

Although Plaintiff's Complaint contains multiple pages of various statements and citations to law, neither the Court nor Defendants have any basis on which to decipher whether this Court properly has jurisdiction or what claims are actually being asserted. A federal district court does not have "original" subject-matter jurisdiction "to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to [the Supreme Court.]" *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). The burden of demonstrating subject-matter jurisdiction is on the party asserting it. *See Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). Furthermore, the Court is unable to decipher Plaintiff's allegations and so it is not clear how they form the basis of a viable cause of action.

The Court, therefore, will dismiss Plaintiff's Complaint for failure to establish subject matter jurisdiction and failure to adhere to Rule 8's pleading requirements. However, the shortcomings of the Complaint do not foreclose the possibility that Plaintiff may be able to state a cognizable claim by filing an amended complaint. Therefore, considering Plaintiff's *pro se* status,

the dismissal of the Complaint will be without prejudice to the filing of an amended complaint.

To the extent Plaintiff intends to re-plead their claims, she is hereby advised that she must clearly establish that this Court has jurisdiction, *see Packard,* 994 F.2d at 1045, and that each count of a properly pled complaint must contain: (a) its own cause of action against a clearly identified defendant(s), and (b) those particular factual allegations that would allow the court to draw the reasonable inference that said defendant(s) is liable for that particular cause of action. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *see, e.g., Anderson v. District Bd. of Trustees of Cent. Florida Cmty. College,* 77 F.3d 364, 366 (11th Cir. 1996) ("Anderson's complaint is a perfect example of 'shotgun' pleading in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."). Plaintiff must also allege <u>facts</u> showing the defendant's actual personal involvement in each of the alleged wrongs. *See, e.g., Smart v. Pa. Pub. Util. Comm'n,* No. 96-3586, 1996 WL 442618, at *4 (E.D. Pa. Aug. 2, 1996) (instructing that a complaint "should clearly identify each defendant, the conduct of each defendant allegedly harming him, and the relief he seeks, setting forth the facts relating to each defendant and to each claim"); *see generally Binsack v. Lackawanna Cnt. Prison,* 438 F. App'x 158, 160 (3d Cir. 2011) (holding that the district court did not abuse its discretion in dismissing complaint for failure to "provide a short and plain statement of each claim against each defendant").

Accordingly, IT IS on this 12th day of November, 2014,

**ORDERED** that Plaintiff's application to proceed <u>in forma pauperis</u> is **granted**; and it is further

**ORDERED** that the Clerk shall file the Complaint without prepayment of the filing fee; and it is further

3

**ORDERED** that Plaintiff's Complaint is dismissed, without prejudice, with leave to file an amended complaint **within 45 days of this Order.** If Plaintiff fail to file an amended complaint by such date, their Complaint will be dismissed <u>with</u> prejudice; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

**IT IS SO ORDERED.**

                                                                                                    _____
                                                                                                    ESTHER SALAS,
                                                                                                    UNITED STATES DISTRICT JUDGE